IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEJANDRO FIERRO-MALDONADO, § | |
| Reg. No. 80969-280,[1] § | |
|     Plaintiff, § | |
| § | |
| v. § | EP-14-CV-255-KC |
| § | |
| WEST TEXAS DETENTION FACILITY, § | |
| WEST TEXAS HEALTH SERVICE, § | |
| HEALTH SERVICE SUPERVISOR, § | |
| WEST TEXAS HEALTH SERVICE § | |
| EMPLOYEES 1–100, § | |
|     Defendants. § | |

**ORDER ACCEPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Before the Court are a civil rights complaint (ECF No. 8) submitted by Plaintiff Alejandro Fierro-Maldonado (ECF No. 8), and a motion to dismiss or, in the alternative, a motion for summary judgment (ECF No. 25) filed by Defendants West Texas Detention Facility, West Texas Health Service, Health Service Supervisor, and West Texas Health Services Employee 1–100. In his complaint, Fierro, a prisoner currently incarcerated at the Giles W. Dalby Correctional Institution in Post, Texas, alleges Defendants "exercised deliberate indifference to his serious medical needs" during his incarceration at the privately-operated West Texas Detention Facility in Sierra Blanca, Texas.[2] He claims a physician in El Paso, Texas, recommended that he see an oncologist and urologist due to "serious pathology" in his kidneys,

---

[1] *See United States v. Fierro-Maldonado*, EP-11-CR-01823-FM-2 (W.D. Tex. Oct. 1, 2012).

[2] The West Texas Detention Facility is a nonprofit public corporation and instrumentality of Hudspeth County, Texas, operated by Emerald Companies, a correctional management firm based in Lafayette, Louisiana.

but Defendants refused to refer him to a specialist or provide him with adequate medical care.[3] As a result, Fierro insists he "suffered pain . . . including bloody urine, and pain in the abdomen and chest."[4] In the motion to dismiss or, in the alternative, motion for summary judgment, Defendants assert Fierro failed to exhaust his administrative remedies,[5] Fierro's medical records showed he made multiple visits to the medical clinic and contradicted his deliberate indifference claim,[6] and "the *Bivens*[7] remedy is unavailable . . . against private individuals and a private entity because [Fierro] has adequate remedies under state tort law."[8] Defendants ask the Court to

---

[3] Pl.'s Resp. to Questionnaire 2, 3, ECF No. 5-1, July 23, 2014.

[4] *Id.* at 5.

[5] Mot. Summ. J. 2–3, ECF No. 25, Oct. 22, 2014 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

[6] *Id.* at 3–5 (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' ") (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

[7] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under [42 U.S.C.] § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

[8] Mot. Summ. J. at 5–6 (citing *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012) ("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.")).

dismiss his complaint for failure to exhaust his administrative remedies and failure to state a claim upon which relief can be granted.[9]  Fierro did not file a response to Defendants' motion.

Also before the Court is a report and recommendation (ECF No. 27) submitted by the United States Magistrate Judge to whom the Court referred this matter.  The Magistrate Judge agrees that Fierro's claims are not only unexhausted, but also fail to state a claim upon which relief may be granted."[10]  He recommends, therefore, that the Court grant Defendants' motion to dismiss or, in the alternative, motion for summary judgment.[11]

The Magistrate Judge explains that "an inmate must exhaust all available administrative remedies before he may maintain a suit in federal court."[12]  He finds that Fierro "does not provide any facts to support his allegation that he had limited access to the remedy procedures [and] does not contest that he failed to exhaust his remedies."[13]

The Magistrate Judge further explains that "[t]he Eighth Amendment forbids . . . deliberate indifference to serious medical needs of prisoners amounting to the unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[14]  He adds that proving a claim of deliberate indifference requires a plaintiff to:

---

[9] *Id.* at 6.

[10] *Id.*

[11] Report and Recommendation 1, 14, ECF No. 27, June 22, 2015.  *See* 28 U.S.C. § 636(b)(1)(B) (2012) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[12] *Id.* at 7 (citing 42 U.S.C. § 1997e(a)).

[13] *Id.* at 8.

[14] *Id.* at 10–11 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted)).

> establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) the defendant knew of and disregarded "an excessive risk to inmate health or safety." In other words, the prisoner must show that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm to occur."[15]

The Magistrate Judge finds Fierro's medical records establish that he was treated on multiple occasions while at the West Texas Detention Facility, and he cannot "show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[16] The Magistrate Judge concludes, therefore, that Fierro cannot meet the extremely high burden of showing deliberate indifference to his serious medical needs.

The Magistrate Judge gave the parties fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[17] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[18] As to other portions of the report or when a party does not

---

[15] *Id.* at 11 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Thompson v. Upshur County*, 245 F.3d 447, 458–59 (5th Cir. 2001).

[16] *Id.* at 12. *See also* Mot. Summ. J. Ex. A (Aff. of Roxanne Campbell with Fierro's medical records attached), ECF No. 25, Oct. 22, 2014.

[17] *Id.* at 14; *see* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[18] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any

file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[19] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[20] To date, none of the parties has responded to the report.[21]

Accordingly, after reviewing the report and the record, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[22] Therefore, the Court enters the following orders:

**IT IS ORDERED** that the Magistrate Judge's report and recommendation (ECF No. 27) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 25), is **GRANTED**.

**IT IS ALSO ORDERED** that Fierro's civil rights complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE** for failure to exhaust his administrative remedies and failure

---

part of the magistrate judge's disposition that has been properly objected to.").

[19] 636 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[20] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[21] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[22] *Wilson*, 864 F.2d at 1221.

to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that Fierro be **ADVISED** that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[23] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Fierro accumulate three strikes, he may be denied in forma pauperis status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[24]

**SO ORDERED**.

**SIGNED** on this 24th day of July 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[23] *See* 28 U.S.C. § 1915(g) (2012) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[24] *See id.*